THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donna S. McClellion, Appellant,
 
 
 

v.

 
 
 
 W. Richard McClellion, Respondent.
 
 
 

Appeal From Anderson County
William J. Wylie, Jr., Family Court Judge 

Unpublished Opinion No. 2011-UP-077
 Submitted February 9, 2011  Filed
February 24, 2011    

AFFIRMED

 
 
 
 O.W. Bannister, of Greenville, for
 Appellant.
 J. Calhoun Pruitt, Jr., of Anderson, for
 Respondent.   
 
 
 

PER CURIAM:  Appellant
 Donna S. McClellion seeks review of an order of the family court denying her
 claim for equitable distribution.  She challenges the family court's finding
 that her execution of a premarital agreement with W. Richard McClellion was
 voluntary.  She also challenges the family court's conclusion that she failed
 to carry her burden of proving that the agreement was unfair.  We affirm pursuant to Rule 220(b), SCACR,
 and the following authorities:
1.  As to whether the family court erred in failing to find that Wife signed
 the premarital agreement under duress:  S.C. Code Ann. § 20-3-630(A)(4) (Supp. 2010) (allowing parties
 contemplating marriage to determine for themselves what is excluded from the
 term "marital property," as long as the parties are separately
 represented by counsel and their execution of the contract is both voluntary
 and prefaced by full financial disclosure); Holler v. Holler, 364 S.C. 256, 267-68, 612 S.E.2d 469, 475 (Ct.
 App. 2005) (setting forth the standard for establishing that a
 contract was procured through duress).        
2. As to
 whether the family court erred in failing
 to find that the premarital agreement was unconscionable:  Hardee v. Hardee, 355 S.C. 382, 390, 585 S.E.2d 501, 505 (2003) (defining
 unconscionability); Lemaster v. Dutton, 694 So.2d 1360, 1364
 (Ala. Civ. App. 1996) ("[A] court should not concern itself with the disparity in
 income between parties to an antenuptial agreement in the absence of fraud,
 duress, or other culpable conduct on the part of one of the parties.").  
AFFIRMED.[1]
WILLIAMS, GEATHERS, and LOCKEMY,
 JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.